```
               UNITED STATES BANKRUPTCY COURT
              EASTERN DISTRICT OF NORTH CAROLINA
                       RALEIGH DIVISION


IN RE:                                      CASE NO.

MICHAEL DOUGLAS BEAVER and                  05-06123-5-ATS
CATHERINE E. BEAVER,

       DEBTORS
```

### ORDER REGARDING MOTION FOR PRE-CONFIRMATION ADEQUATE PROTECTION PAYMENTS

The matter before the court in this chapter 13 case is the Motion for Pre-Confirmation Adequate Protection Payments filed by Coastal Federal Credit Union. Coastal seeks pre-confirmation adequate protection of its security interests in two vehicles owned by one of the joint chapter 13 debtors, Catherine E. Beaver. According to Coastal, adequate protection payments are required by 11 U.S.C. § 1326(a)(1)(C) to be paid directly to Coastal by the debtors. The debtors concede that Coastal is entitled to adequate protection, but contend that adequate protection may be provided by means other than the direct payments requested by Coastal. A hearing was held in Raleigh, North Carolina on January 17, 2005.

Michael Douglas Beaver and Catherine E. Beaver filed a joint petition for relief under chapter 13 of the Bankruptcy Code on December 1, 2005. Coastal is a secured creditor with claims secured by a 2000 Buick Regal LS and a 1996 GMC Sierra Wideside; the claims, which

were assigned to Coastal, are attributable to the purchases of the automobiles.

The balance owing on the claim secured by the Buick Regal is $5,726.18, and the NADA wholesale value of the Buick Regal is $4,875. The installment contract applicable to the claim secured by the Buick provides for interest at the rate of 7.25% per annum and monthly payments of $305.29.  The balance owing on the claim secured by the GMC Sierra is $6,061.86, and the NADA wholesale value of the GMC Sierra is $5,225. The installment contract applicable to the purchase of the GMC Sierra provides for interest at the rate of 6.0% per annum and monthly payments of $175.69.

Coastal argues that § 1326(a)(1)(C) requires the debtors to make pre-confirmation adequate protection payments directly to Coastal in the amounts provided in the installment contracts, i.e., $305.29 for the Buick Regal and $175.69 for the GMC Sierra.  The debtors maintain that they are not required by § 1326(a)(1)(C) to make pre-confirmation adequate protection payments to Coastal and may provide adequate protection by means other than direct payments.  The court agrees with the debtors.

Section 1326(a)(1) provides:

(a)(1) Unless the court orders otherwise, the debtor shall commence making payments not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier, in the amount--
    (A) proposed by the plan to the trustee;

>	(B) scheduled in a lease of personal property directly to the lessor . . . ; and
>	(C) that provides adequate protection directly to a creditor holding an allowed claim secured by personal property to the extent the claim is attributable to the purchase of such property by the debtor for that portion of the obligation that becomes due after the order for relief, reducing the payments under subparagraph (A) by the amount so paid and providing the trustee with evidence of such payment, including the amount and date of payment.

11 U.S.C. § 1326(a)(1).

According to Coastal, a plain reading of § 1326(a)(1)(C) requires a debtor to make adequate protection payments directly to the creditor. However, the court interprets the statute differently. The court's understanding of § 1326(a)(1)(C), which was added to the Bankruptcy Code by the Bankruptcy Abuse Prevention and Consumer Protection Act of 2005, Pub. L. No. 109-8, § 309, is that a chapter 13 debtor is required to begin making adequate protection payments 30 days after the order for relief[1] if direct payment is the form of adequate protection that the chapter 13 debtor has chosen to provide to a creditor with a claim secured by personal property attributable to the purchase of the

---

[1]Section 1326(a)(1) provides that the payments must commence "not later than 30 days after the date of the filing of the plan or the order for relief, whichever is earlier."  Since a plan may not be filed until an order for relief is entered, 30 days from the order for relief will always be the earlier date.

3

collateral.  If the debtor has chosen another method of providing adequate protection, no pre-confirmation direct payments are needed.[2]

A bedrock rule of statutory construction is that when Congress intends to change an existing law, it does so clearly.  Cohen v. de la Cruz, 523 U.S. 213, 221, 118 S. Ct. 1212, 1218 (1998)(We . . . "will not read the Bankruptcy Code to erode past bankruptcy practice absent a clear indication that Congress intended such a departure.")(quoting Pennsylvania Dept. of Public Welfare v. Davenport, 495 U.S. 552, 563, 110 S. Ct. 2126, 2133 (1990)).

It is well established bankruptcy law and practice that when adequate protection is required to protect an interest of an entity in property, it may be provided by a variety of methods.  Providing cash payments directly to the entity holding the interest in property is one of those methods, but it is not the exclusive method.  Section 361 provides that adequate protection may be provided by cash payments, replacement liens or "such other relief" as would "result in the realization by such entity of the indubitable equivalent of such entity's interest in such property." 11 U.S.C. § 361(3).  Adequate protection can take many forms and may even be the status quo where the value of the creditor's collateral is sufficient to provide an "equity

---

[2] Even if Coastal's interpretation of the § 1326(a)(1)(C) is correct, § 1326(a)(1), which begins "[u]nless the court orders otherwise," gives the court the discretion to alter a requirement that the debtor make direct pre-confirmation adequate protection payments to a secured creditor.

4

cushion."  See Matter of Mendoza, 111 F.3d 1264 (5th Cir. 1997); Baybank-Middlesex v. Ralar Distributors, Inc., 69 F.3d 1200 (1st Cir. 1995); but see In re Snowshoe Co., Inc., 789 F.2d 1085 (4th Cir. 1986).

   Had Congress intended to change this well established practice of affording debtors a wide range of adequate protection options, it would have done so more clearly.  The legislative history merely paraphrases the statute and does not suggest that Congress intended to limit a debtor's adequate protection options.  See E-2 Collier on Bankruptcy App. Pt. 10(b) at App. 10-338 (15th ed. Rev. 2005)(quoting Report of the Committee on the Judiciary, House of Representatives, to Accompany S. 256 (April 8, 2005)).

   The debtors suggest that proposing a plan that provides for the payment of the secured claim over the life of plan is in itself adequate protection. The problem with that proposal is that typically the value of the collateral does not exceed the amount of the secured claim.  Unless the secured creditor receives pre-confirmation payments in an amount that is equal to the amount that the collateral is depreciating, the creditor's interest in the property will not be adequately protected in the event that the plan is not confirmed and the payments are returned to the debtor when the case is dismissed.  A plan that provides for the payment of the secured claim over the life of the plan and also provides that a portion of each pre-confirmation payment will be distributed to the secured creditor in the event that

the plan is not confirmed and the case is dismissed may provide adequate protection without the necessity of pre-confirmation payments to the secured creditor.

Of course, every case is different, and adequate protection will be determined based on the unique facts of each case. As a practical matter, however, debtors, secured creditors, standing chapter 13 trustees and the court do not want to have to litigate the adequacy of adequate protection in every chapter 13 case. What is needed is a general agreement among secured creditors, debtors and standing trustees as to what presumptively provides adequate protection in most cases. This can best be accomplished through the local rule making process which requires public notice of a proposed rule and the opportunity for all concerned parties to comment. Fed. R. Bankr. P. 9029 and Fed. R. Civ. P. 83.

As contemplated by § 1326(a)(1)(C), pre-confirmation payments made by the chapter 13 debtor directly to the secured creditor are one way to provide adequate protection, but that may not be the best way given the accounting problems it might create for secured creditors and trustees. Pre-confirmation payments made by the chapter 13 trustee to a secured creditor with an allowed claim are an acceptable method of providing adequate protection, but there may be disagreement as to the amount and timing of the payments to be made. In the present case the parties have agreed that the requirements of § 1326(a)(1)(C) may be met

by the chapter 13 trustee making pre-confirmation payments to Coastal each month in the amount of 1% of the value of Coastal's collateral. That method of providing adequate protection is acceptable to the court, and the trustee may make a direct payment to Coastal as adequate protection if Coastal holds an allowed secured claim.[3]

**SO ORDERED.**

**DATED:  January 24, 2006**

A. Thomas Small
United States Bankruptcy Judge

---

[3]Section 502(a) provides that a "claim or interest, proof of which is filed under section 501 of this title, is deemed allowed, unless a party in interest . . . objects."  11 U.S.C. § 502(a); see also Jacksonville Airport, Inc. v. Michkeldel, Inc. (In re Michkeldel, Inc.), __ F.3d __, Case No. 05-1242 (4th Cir. Jan. 19, 2006).

7